# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:00-CR-18 |
| | § | |
| TRACY LYNN FLAHERTY | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On April 8, 2010, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Carol Wheeler. Defendant was represented by Jeff Harrelson.

Tracy Lynn Flaherty ("Defendant" or "Mr. Flaherty") was sentenced on May 11, 2001, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of attempted bank robbery, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. Mr. Flaherty was subsequently sentenced to 96 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare, refraining from any unlawful use or possession of a controlled substance, and a $100 special assessment. On November 18, 2008, Mr. Flaherty completed his period of imprisonment and began service of the supervision term in the Western District of Louisiana.

In its petition to revoke, the Government alleges Defendant violated the following conditions:

1) **Defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer**. Specifically, the Government alleges as follows. During

a home visit on March 9, 2010, Defendant was directed to move back to his mother's home after Defendant relayed it was difficult to remain drug free while living with his brother, Todd Flaherty, as Defendant relayed that his brother was using a controlled dangerous substance. On March 12, 2010, Defendant was located at his brother's residence and was directed to report to the STEPS Detoxification Facility in Shreveport, Louisiana to participate in a four to five day educational detoxification program to achieve sobriety. There was bed space available at STEPS on March 12, 2010, and Defendant called his probation officer after the home visit on March 12, 2010, relaying that Defendant had made contact with a counselor at STEPS and that Defendant would report to STEPS on March 12. Defendant never reported to STEPS, left his brother's residence, and did not provide a new residence address.

2) **Defendant shall notify the probation officer at least ten days prior to any change of residence or employment**. Specifically, the Government alleges as follows. Contact was last made with Defendant on March 12, 2010, when a home visit was made with Defendant at his brother's residence. Defendant left his brother's home and had not contacted the probation office with a new address as of the date the petition was filed. Repeated attempts to reach Defendant by phone and through home visits after March 12, 2010 were unsuccessful.

3) **Defendant shall refrain from excessive use of alcohol, and shall not purchase, possess, use, distribute, or administer any controlled dangerous substances or any paraphernalia related to any controlled dangerous substance, unless prescribed by a physician**. Specifically, the Government alleges as follows. On March 5, 2010 and March 9, 2010, Defendant submitted screens to the United States Probation Office in Shreveport, Louisiana that were positive for cocaine. In written statements, Defendant admitted to two separate instances of cocaine use which resulted

in the positive screens. On March 12, 2010, during a home visit at the residence of Defendant's brother, Defendant admitted he used drugs again and would be unable to submit a negative screen.

4) **Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission by the Court.** Specifically, the Government alleges as follows. On March 9, 2010, Defendant relayed that it was difficult to remain drug free while living with his brother, Todd Flaherty, as his brother was using a controlled dangerous substance. Defendant, knowing his brother was engaging in criminal activity, continued to associate with his brother until at least March 12, 2010.

The Court scheduled a revocation hearing April 8, 2010. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the allegations contained in the Government's petition. Based upon Defendant's plea of true to the allegations, the Court found Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended that the term of supervised release be revoked and the sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is the recommended judgment of the Court that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months with no term of supervised release to follow said term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations be **ACCEPTED**. It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons

to be imprisoned for a term of twenty-one (21) months with no term of supervised release to follow said term of imprisonment.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 12th day of April, 2010.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE